**FILED**

AO 243   (Rev. 2/95)

MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY

| United States District Court | District | NORTHERN DISTRICT OF ALABAMA | |
|---|---|---|---|
| Name of Movant<br>PIERRE  ERNEST FALGOUT III | Prisoner No.<br>26533-001 | | Case No.<br>6:07-CR-0157-RDP-RRA |
| Place of Confinement<br>USP TUCSON - U.S. PENITENTIARY, 9300 SOUTH WILMOT ROAD, TUSCSON, AZ, 85706 | | | |

| UNITED STATES OF AMERICA | V. | PIERRE ERNEST FALGOUT III |
|---|---|---|
| | | (name under which convicted) |

## MOTION

1.  Name and location of court which entered the judgment of conviction under attack

    U.S. DISTRICT COURT - NORTHERN DISTRICT OF ALABAMA (JASPER DIVISION)
    BIRMINGHAM, ALABAMA

2.  Date of judgment of conviction   4/29/2008

3.  Length of sentence   11,520 MONTHS

4.  Nature of offense involved (all counts)
    18 USC 2251(a) PRODUCTION OF CHILD PORNOGRAPHY - COUNTS 1-30, 43 AND 44 (SUPERCEDING
    INDICTMENT)

5.  What was your plea?  (Check one)
    (a)  Not guilty
    (b)  Guilty   ☒
    (c)  Nolo contendere

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6.  If you pleaded not guilty, what kind of trial did you have?  (Check one)
    (a)  Jury
    (b)  Judge only

7.  Did you testify at the trial?
    Yes ☐   No ☐

8.  Did you appeal from the judgment of conviction?
    Yes ☒   No ☐

(2)

AO 243    (Rev. 2/95)

9.  If you did appeal, answer the following:

   (a) Name of court    UNITED STATES COURT OF APPEALS FOR THE ELEVENTH CIRCUIT

   (b) Result    CONVICTION AFFIRMED - NON PUBLISHED MEMORANDUM OPINION

   (c) Date of result    4/22/2009

10.  Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☐    No ☒

11.  If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court

      (2) Nature of proceeding

      (3) Grounds raised

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐    No ☐

      (5) Result

      (6) Date of result

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court

      (2) Name of proceeding

      (3) Grounds raised

AO 243    (Rev. 2/95)

    (4)  Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐   No ☐

    (5)  Result

    (6)  Date of result

(c)  Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1)  First petition, etc.    Yes ☐   No ☐
    (2)  Second petition, etc.    Yes ☐   No ☐

(d)  If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

12.    State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

    CAUTION:  If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.

    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds.
(a)  Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
(b)  Conviction obtained by use of coerced confession.

AO 243     (Rev. 2/95)

    (c)  Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
    (d)  Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
    (e)  Conviction obtained by a violation of the privilege against self-incrimination.
    (f)  Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence
        favorable to the defendant.
    (g)  Conviction obtained by a violation of the protection against double jeopardy.
    (h)  Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
    (i)  Denial of effective assistance of counsel.
    (j)  Denial of right of appeal.

A.  Ground one:
    My conviction was obtained by plea of guilty which was not made voluntarily or with understanding of
    the nature of the charge and the consequences of the plea.

    Supporting FACTS (state *briefly* without citing cases or law):
    My counsel at the time failed to allow me to view the evidence provided in discovery which left me unaware of the
    nature and extent of the Government's evidence aganst me. As a consequence of my failure to have full knowledge
    of the facts and circumstances of my case, my plea was not entered knowingly, voluntarily or intelligently. Further,
    at the time of my guilty plea, I was unaware of the maximum penalty, i.e. sentence, available to me upon my plea
    of guilty which also made my guilty plea to have been made without a knowing, voluntary, and intelligent waiver of
    my constitutional rights in violation of my rights to due process and equal protection. I feel that I was coerced by
    my counsel to plead guilty without full knowledge of the facts of my case, or the potential circumstances of my
    guilty plea. On October 19, 2007, at the time of my guilty plea, I was not specifically advised by the Court what my
    maximum possible sentence was upon a plea of guilty, in violation of FRCRP 11(b)(H), specifically that I could
    receive the maximum sentence on each count - consecutively imposed to each other. That is in fact the sentence that
    I received.

B.  Ground two:
    Denial of effective assistance of counsel

    Supporting FACTS (state *briefly* without citing cases or law):
    I feel that I was denied effective assistance of counsel in the trial court and on appeal. The denial of effective
    assistance of counsel violated my rights under the 6th amendment of the Constitution. In the trial court, my trial
    attorney, Gregory Reid failed to adequately advise me of all the facts and circumstances of my case. He failed to
    maintain regular contact with me during the case - only visiting me approximately four times prior to my guilty
    plea. He refused to accept my telephone calls from jail. I sent numerous letters with detailed questions about my
    case to him which he failed to answer resulting in the denial of effective assistance of counsel. Because I was not
    adequately advised, I did not realize that I was waiving my arguments on duplicity and/or multiplicity of counts by
    pleading guilty. I was not adequately advised of the potential sentence I could receive by my plea of guilty,
    specifically that I could receive consecutive sentencing on all counts in the indictment. I was not adequately
    advised that since I could still receive the maximum statutory penalty upon a plea of guilty, that I had nothing to
    lose by going to trial in the case. See Attachment A.

C.  Ground three:
    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.

    Supporting FACTS (state *briefly* without citing cases or law):
    At the time of the original search of my trailer by police officers of the Sheriffs Department and the DEA, one of the
    officers participating in the search, Steve Thompson (City of Vernon Police Department), removed computer media
    containing suspected child pornography from the trailer to protect his friend, Niki Holley. This constituted
    tampering with evidence. This evidence tampering rendered the search unconstitutional because of the violation of
    my constitutional rights. Thompson was later criminally prosecuted for his actions that day and was suspended with
    two years probation. Material found during that search, upon information and belief, was later used to prosecute me
    in this case.

AO 243      (Rev. 2/95)

    D.  Ground four:


        Supporting FACTS (state *briefly* without citing cases or law):


13.  If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them:



14.  Do you have any petition or appeal now pending in any court as to the judgment under attack?
    Yes ☐    No ☒

15.  Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

    (a)  At preliminary hearing
        Gregory Reid - 931 Sharit Avenue, Ste. 219, P.O. Box 1396, Gardendale, AL.  35071


    (b)  At arraignment and plea
        Gregory Reid - 931 Sharit Avenue, Ste. 219, P.O. Box 1396, Gardendale, AL.  35071


    (c)  At trial
        Gregory Reid - 931 Sharit Avenue, Ste. 219, P.O. Box 1396, Gardendale, AL.  35071


    (d)  At sentencing
        Gregory Reid - 931 Sharit Avenue, Ste. 219, P.O. Box 1396, Gardendale, AL.  35071

AO 243     (Rev. 2/95)

    (e)  On appeal
        Gregory Reid - 931 Sharit Avenue, Ste. 219, P.O. Box 1396, Gardendale, AL.  35071


    (f)  In any post-conviction proceeding
        Glennon Threatt - 208 23rd Street North, P.O. Box 186, Birmingham, AL.  35201


    (g)  On appeal from any adverse ruling in a post-conviction proceeding


16.  Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☒   No ☐

17.  Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

    (a)  If so, give name and location of court which imposed sentence to be served in the future:




    (b)  Give date and length of the above sentence:



    (c)  Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)


I declare under penalty of perjury that the foregoing is true and correct.  Executed on

__8|9|10__
Date

_____
Signature of Movant

**ATTACHMENT A. GROUND 2 –**

**DENIAL OF EFFECTIVE ASISTANCE OF COUNSEL.**

Mr. Reid failed to file several pretrial Motions including a Motion to Suppress Tangible Evidence, Motion to Dismiss Counts in the Indictment, and/or a Motion to Strike Counts in the Indictment because of duplicity and/or multiplicity of counts. His failure to file these pretrial motions in a timely manner resulted in the waiver of these issues on appeal because they were not properly preserved at the trial court.

My trial attorney, Gregory Reid failed to make necessary objections to my Presentence Investigation Report ("PSR") which effectively waived my right to preserve those objections for appeal. I was advisd by Mr. Reid that if I disagreed with the PSR that I would be waiving my right to acceptance of responsibility. I was not advised by him that the failure to object to the factual statements in the PSR meant that I was admitting that they were true.

Prior to the entry of my guilty plea, I was not advised by Mr. Reid of the maximum possible sentence I could receive, i.e. a sentence of the statutory maximum on each count consecutively imposed. This is in fact the sentence I received. It was never explained to me by counsel what the difference was between concurrent and consecutive sentencing.

Although a guilty plea does result in the waiver of many constitutional rights, one of the rights that is not waived by a guilty plea is the right to constitutionally adequate counsel.