FILED
2008 Sep-26 PM 08:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

JASPER DIVISION


UNITED STATES OF AMERICA,       )
                                )
    Plaintiff,                  )
                                ) Case No. 6:07-cr-00157-RDP-RRA
      v.                      )
                                ) Birmingham, Alabama
PIERRE ERNEST FALGOUT, III      ) October 19, 2007
                                )
    Defendant.                  )
================================)


TRANSCRIPT OF CHANGE OF PLEA HEARING
BEFORE THE HONORABLE R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE


APPEARANCES:

For the Government:          Laura D. Hodge
                             Mary Stuart Burrell
                             U. S. ATTORNEY'S OFFICE
                             1801 Fourth Avenue North
                             Birmingham, AL  35203



For the Defendant:           Gregory J. Reid
                             GREGORY J. REID,
                             ATTORNEY AT LAW, PC
                             Post Office Box 1396
                             Gardendale, AL  35071



Court Reporter:              Virginia W. Flowers, RPR
                             325 U. S. Courthouse
                             1729 Fifth Avenue North
                             Birmingham, AL  35203
                             Tel. 205.862.8115

1

2                              <u>INDEX</u>

3

4

5

6

7

8

9

10   Proceedings                                              3

11

12

13

14

15

16   Court Reporter's Certificate                            33

17

18

19

20

21

22

23

24

25

Case 6:07-cr-00157-RDP-RRA   Document 63   Filed 08/26/08   Page 3 of 33

```
 1    October 19, 2007                              9:43 a.m.

 2                          PROCEEDINGS

 3                   (Court called to order.)

 4         THE COURT:  Good morning.

 5         MS. HODGE:  Good morning, Your Honor.

 6         MS. BURRELL:  Good morning, Your Honor.

 7         MR. REID:  Good morning, Your Honor.

 8         THE COURT:  We're here in the United States of

 9    America v. Pierre Ernest Falgout, III, Case No.

10    6:07-cr-00157-RDP-RRA.  We're here for purposes of a consent

11    hearing inasmuch as the defendant has indicated to his

12    counsel that he wishes to withdraw his earlier plea of not

13    guilty to one or more of the counts of the superseding

14    indictment and enter a guilty plea as to certain counts in

15    the superseding indictment.

16         Is that correct, Mr. Reid?

17         MR. REID:  That is, Your Honor.

18         THE COURT:  All right.

19         Mr. Falgout, the withdrawal of your earlier plea of not

20    guilty to the charges in Counts 1 through 30 and Counts 43

21    and 44 will be allowed.  But before I can accept a plea of

22    guilty from you with respect to those counts, I must ask some

23    questions of you and get some information from you, and that

24    will require having you placed under oath and asking those

25    questions to you.
```

1           While you are under oath, I'll ask you questions about

2     the plea of guilty that you are offering to the court,

3     matters relevant to the charges against you, and matters

4     related to sentencing.  Just remember that any answers to the

5     questions must be full, complete, and true because a false

6     answer or a false statement could lead to the basis of a

7     separate prosecution against you.

8           Do you understand all that?

9                THE DEFENDANT:  Yes, sir.

10               THE COURT:  All right.  What I'll ask you to do is

11    please stand so that the courtroom deputy may administer the

12    oath to you.

13                    (Defendant sworn/affirmed.)

14               THE COURT:  All right.  Mr. Falgout, if you and your

15    attorney would please come to the microphone.  What I want to

16    do, as you are coming up, is say this to you.  If you don't

17    understand something that we cover in court or if you have a

18    question about anything or you just don't hear something

19    clearly, I want you to interrupt the proceedings and let your

20    lawyer know so we can cover the matter with you and make sure

21    you understand it and hear it correctly.  Okay?

22               THE DEFENDANT:  Yes, sir.

23               THE COURT:  At the end of the hearing, I'll ask you

24    if you've understood everything we've gone over with you and

25    heard everything we've gone over with you.  So it's important

1    for you to keep up with us, and if you have a question, to

2    let us know.  All right?

3              THE DEFENDANT:  Yes, sir.

4              THE COURT:  Let me get some background from you.

5    First, what is your full name?

6              THE DEFENDANT:  Pierre E. Falgout, III.

7              THE COURT:  And what is your date of birth?

8              THE DEFENDANT:  9-13-72.

9              THE COURT:  How would you describe your educational

10   history?

11             THE DEFENDANT:  I graduated high school.

12             THE COURT:  Okay.  Any college?

13             THE DEFENDANT:  No, sir.

14             THE COURT:  All right.  How about employment

15   history?

16             THE DEFENDANT:  I've worked most all my life, ever

17   since I got out of high school.  Worked for 12 years for

18   Marathon Equipment Company.

19             THE COURT:  All right.  Are you able to read, write,

20   and understand the English language?

21             THE DEFENDANT:  Yes, sir.

22             THE COURT:  Did you and your attorney read,

23   complete, and sign the guilty plea advice of rights

24   certification that's been filed in with the court this

25   morning?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And did you understand the information

3    on that certificate as you and your lawyer went over it?

4          THE DEFENDANT:  Yes, sir.

5          THE COURT:  Other than with respect to the

6    provisions related to a plea agreement, did you and your

7    attorney go over all these provisions and did you answer them

8    truthfully?

9          THE DEFENDANT:  Each and every one, yes, sir.

10          THE COURT:  All right.  And the reason that you

11    skipped over the aspects related to the plea agreement is

12    there's not a plea agreement in this case; correct?

13          THE DEFENDANT:  Yes, sir.

14          THE COURT:  All right.

15      In the past 72 hours have you taken or received any

16    intoxicants, drugs, medication, prescription or otherwise, or

17    consumed any other substance that could affect your ability

18    to understand the proceedings here today?

19          THE DEFENDANT:  No, sir.

20          THE COURT:  And are you suffering from any mental or

21    emotional impairment, or physical injury or illness that

22    could affect your ability to understand the proceedings here

23    today?

24          THE DEFENDANT:  No, sir.

25          THE COURT:  All right.  There was a competency

1　　examination done and an order entered by Judge Armstrong in

2　　this case finding the defendant competent to stand trial and

3　　competent at the time of the allegations in the case; is that

4　　correct?

5　　　　　　　MR. REID:　That's correct, Your Honor.

6　　　　　　　THE COURT:　Will the government agree to that?

7　　　　　　　MS. HODGE:　Yes, Your Honor.

8　　　　　　　THE COURT:　Are there any matters related that the

9　　court needs to take up today?　There have been no objections

10　　to the report, no questions raised about the report.　But I

11　　thought it would be appropriate, since we are doing a consent

12　　hearing, to raise that issue and make sure that we are

13　　squared away on that today.

14　　　　　　　MS. HODGE:　There are no other matters that the

15　　government is aware of, Your Honor.

16　　　　　　　MR. REID:　None, Your Honor, other than we

17　　acknowledge the report as it's been submitted.　We would

18　　reserve the right to offer any evidence at sentencing not to

19　　guilt or innocence but to mitigation.

20　　　　　　　THE COURT:　All right.　For example, a diminished

21　　capacity type argument, is that what you are referring to?

22　　　　　　　MR. REID:　Not necessarily diminished capacity, but

23　　circumstances involving mitigating factors.

24　　　　　　　THE COURT:　Okay.　Matters related to mitigation?

25　　　　　　　MR. REID:　Yes, sir.

1          THE COURT:  All right.  But not as to competency of

2     the defendant?

3          MR. REID:  No.  We would not raise the issue of

4     competency.

5          THE COURT:  Mr. Falgout, do you understand what

6     we've just gone over, sir?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  All right.  What I want to make sure you

9     understand is that one of the things that was done in this

10    case, as you remember, is you went and --

11       Was it Dr. Ackerson he saw?

12          MR. REID:  Yes, sir.

13          THE COURT:  All right.  You went and spent some time

14    with Dr. Ackerson so she could assess a couple of things.

15    One would be whether you are competent to stand trial, and

16    that would affect also whether you are competent to enter a

17    plea today.

18       And then the second thing she wanted to look into is

19    whether or not you had the capacity at the time of the

20    alleged commission of these crimes to know the difference

21    between right and wrong and understand what you were doing

22    was wrong.

23       Do you understand the reasons she met with you?

24          THE DEFENDANT:  Yes, sir.

25          THE COURT:  All right.  Do you have any questions?

1    Have you seen the report she's given?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  All right.  Do you have any questions

4    about the report?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  All right.

7         Any concerns about the report?  Do you have any concerns

8    about the report personally, of her findings in the report?

9         I'm sorry?

10             THE DEFENDANT:  Uh --

11             MR. REID:  Your Honor, if I may, there are some

12   issues in the report.  We think that there are --

13             THE COURT:  I'm talking about the ultimate finding.

14             MR. REID:  The ultimate finding, we do not have an

15   issue with, Your Honor.  I think the issues that Mr. Falgout

16   had, and he certainly could speak to those, is there are some

17   dates and some times in there that we would take issue with.

18             THE COURT:  All right.  Fair enough.  But I'm

19   talking about the ultimate findings of the report.

20        And the reason, Mr. Falgout, the reason I asked your

21   lawyer and then you is that from time to time we have

22   defendants come into court represented by one attorney.

23   After they are convicted and sentenced, they are represented

24   by another attorney.  And then they say that they told their

25   attorney something and he didn't raise it.  That's why I

1    always ask the defendant too whether there are any questions

2    or concerns you have about the report at least to the extent

3    that it finds that you were competent and aware of your

4    actions at the time that these actions allegedly occurred.

5                THE DEFENDANT:  Yes, sir.

6                THE COURT:  Do you understand what I'm saying?

7                THE DEFENDANT:  Yes, sir.

8                THE COURT:  Do you have any concern about the report

9    in that respect?

10               THE DEFENDANT:  No, sir.

11               THE COURT:  All right.  Fair enough.

12         All right.  Is there anything that prevents you from

13   understanding anything I'm saying to you at this time?

14               THE DEFENDANT:  No, sir.

15               THE COURT:  Anything that would cause you not to be

16   able to communicate with your lawyer today?

17               THE DEFENDANT:  No, sir.

18               THE COURT:  Have you received a copy of the

19   superseding indictment that's pending against you?

20               THE DEFENDANT:  Yes, sir.

21               THE COURT:  Mr. Reid, have you had adequate time to

22   investigate the charges made against your client and to

23   consult with him concerning those charges and concerning any

24   possible defenses he may have to the superseding indictment?

25               MR. REID:  I have, Your Honor.

1           THE COURT:  All right.

2      Mr. Falgout, have you had adequate time to consult with

3  your lawyer concerning the charges against you and any

4  defenses you may have to the charges against you?

5           THE DEFENDANT:  Yes, sir.

6           THE COURT:  Are you fully satisfied with the

7  representation and advice you've received from your lawyer,

8  Mr. Reid, in this case?

9           THE DEFENDANT:  Yes, sir.

10          THE COURT:  All right.

11    What I want to do next is go over with you certain rights

12  that you have now but that you waive or give up if you enter

13  a guilty plea in this case.  All right?

14          THE DEFENDANT:  Yes, sir.

15         THE COURT:  First, you are presumed to be not guilty

16  of the charges made against you in the superseding

17  indictment, and that presumption standing alone is sufficient

18  to ensure that you would not be convicted unless you either

19  plead guilty or are found guilty as part of a trial.  You

20  also have a right to stand on your plea of not guilty entered

21  earlier in this case.  And if you do that, you'd be entitled

22  to a trial before a duly selected jury.  At any trial to be

23  conducted in this matter, you would not be convicted unless

24  the United States first proves each and every element of the

25  charges against you beyond a reasonable doubt.

Case 6:12-cv-08037-RDP-JHE   Document 53   Filed 09/17/13   Page 12 of 33
Case 6:07-cv-00657-RDP-RRA   Document 39   Filed 06/26/08   Page 12 of 33

12

1        Do you understand all that?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  Also throughout the proceedings prior

4   to, during, and after trial, you have the right to be

5   represented by an attorney who must be constitutionally

6   adequate.  You also would be entitled to confront and

7   cross-examine each witness called by the United States, to

8   ask them questions concerning any matter that might be

9   relevant to the charges against you or your defense of those

10  charges including matters that might help the jury in

11  evaluating the credibility of any such witness.

12       Do you understand that?

13           THE DEFENDANT:  Yes, sir.

14           THE COURT:  You also have the right to call

15  witnesses on your own behalf and use the subpoena power of

16  this court to ensure that those witnesses attend court and

17  testify.  You also would have a right to testify and present

18  evidence, if you wish to do so, but you may not be compelled

19  to testify.  Whether you elected to testify would be a matter

20  left solely up to you.  You cannot be compelled to

21  incriminate yourself or give evidence against yourself.  If

22  you did elect to testify, however, you'd be placed under oath

23  and would be subject to cross examination by counsel for the

24  United States.

25       Do you understand that?

Case 6:07-cv-00037-RDP-PWG Document 33 Filed 08/27/08 Page 13 of 33
Case 6:07-cv-00037-RDP-PWG Document 33 Filed 08/26/08 Page 13 of 33

13

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  And all those things?

3          THE DEFENDANT:  Yes, sir.

4          THE COURT:  If you plead guilty, you waive the right

5    not to testify.  And what I mean by that is the court will

6    make certain inquiries of you.  You will be expected to

7    answer the court's questions, and the court will consider the

8    information you give in response to the questions in respect

9    to deciding how the charges against you should be disposed

10   of.

11      Do you understand that?

12          THE DEFENDANT:  Yes, sir.

13          THE COURT:  Now, you'd also waive or give up all the

14   rights I just went over with you if you plead guilty, with

15   one exception.  You do not by pleading guilty waive or give

16   up the right to have an attorney represent you throughout

17   this case.  But with respect to all the other rights I just

18   enumerated for you, you waive or give those up if you plead

19   guilty in this case.

20      Do you understand that?

21          THE DEFENDANT:  Yes, sir.

22          THE COURT:  If you plead guilty, the only thing

23   remaining for the court to do would be to impose a sentence.

24   There'll be no trial.  You'll be guilty of the charges to

25   which you plead guilty.  And with respect to the charges to

Case 6:17-cv-00037-RDP-NHE Document 33 Filed 09/27/18 Page 14 of 33
Case 6:17-cv-00037-RDP-RRA Document 9-3 Filed 08/26/08 Page 14 of 33

14

1    which you plead guilty, the end result would be the same as

2    if you went before a jury and were found guilty.

3         Do you understand that?

4              THE DEFENDANT:  Yes, sir.

5              THE COURT:  All right.

6         What I want to do next is cover with you an explanation

7    of the charges and possible penalties that relate to Counts 1

8    through 30 and Counts 43 through 44.  For purposes of the

9    hearing today, we are going to set aside the charges in

10   Counts 31 through 42, which the government has indicated that

11   they intend, if you plead guilty, to move to dismiss those

12   charges at sentencing.

13        Do you understand that?

14             THE DEFENDANT:  Yes, sir.

15             THE COURT:  All right.

16        Counts 1 through 30 and 43 and 44 charge you with the

17   separate offenses of violating 18 United States Code Section

18   2251(a), which is sexual exploitation of minors.  Those are

19   each felony charges.  Before you could be found guilty of

20   those charges, the government would have to prove beyond a

21   reasonable doubt each element of each of the charges to which

22   you are pleading guilty.

23        Do you understand that?

24             THE DEFENDANT:  Yes, sir.

25             THE COURT:  All right.

1      Section 2251(a) makes it a federal crime or offense for

2    anyone to knowingly employ, use, persuade, induce, entice, or

3    coerce any minor to engage in any sexually explicit conduct

4    knowing or having reason to know that such visual depiction

5    will be transported in interstate commerce or that that

6    visual depiction was produced using materials that have been

7    mailed, shipped, or transported in interstate or foreign

8    commerce by any means including by a computer.  You can be

9    found guilty of those offenses only if all the following

10   facts are proved beyond a reasonable doubt.

11      First, that you knowingly employed, used, persuaded,

12   induced, enticed, or coerced a minor to engage in any

13   sexually explicit conduct as charged.

14      Second, that you did so for the purpose of producing any

15   visual depiction of such conduct as charged.

16      And, third, that you knew or had reason to know that such

17   visual depiction would be transported in interstate commerce,

18   or that the visual depiction was produced using materials

19   that had been mailed, shipped, or transported in interstate

20   or foreign commerce by any means including by a computer, as

21   charged in the superseding indictment.

22      Now, to be sure you understand this, with respect to each

23   one of those counts, the government would have to prove each

24   one of those things to convict you on that count.

25      Do you understand that?

1          THE DEFENDANT:  Yes, sir.

2          THE COURT:  What I want to do next is give you some

3     more information that defines some of the terms that have

4     been used in those elements that I just gave you.

5          A minor means any person under the age of 18 years of

6     age.  The term "sexually explicit conduct" means actual or

7     simulated sexual intercourse, including genital to genital,

8     oral to genital, anal to genital, or oral to anal conduct,

9     whether between persons of the same or opposite sex,

10    bestiality, masturbation, sadistic or masochistic abuse, or

11    lascivious exhibition of the genitals or pubic area of any

12    person.

13         Do you understand all that?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you understand that in evaluating

16    whether something is sexually explicit conduct, the jury

17    would consider the overall content of the material and also

18    consider such factors as to whether the focal point of the

19    visual depiction is on the minor's genital or pubic area or

20    whether there is some other focal point.

21         Do you understand that?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  The term "producing" means producing,

24    directing, manufacturing, issuing, publishing, or

25    advertising.

1        The term "visual depiction" includes undeveloped film and

2    videotape and data stored on a computer disk or by other

3    electronic means which is capable of conversion into a visual

4    image.

5        And the term "child pornography" means any visual

6    depiction including any photograph, film, video, picture, or

7    computer or computer generated image or picture whether made

8    or produced by electronic, mechanical, or other means of

9    sexually explicit conduct.

10       Do you understand all that?

11            THE DEFENDANT:  Yes, sir.

12            THE COURT:  The term "interstate or foreign

13   commerce" means the movement of the property from one state

14   to another state or from one state to another country, or

15   vice versa.

16       Do you understand that?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  The term "computer" means any

19   electronic, magnetic, optical, electrochemical, or other high

20   speed data processing device, performing logical, arithmetic,

21   or storage functions, and includes any data storage facility

22   or communications facility directly related to or operating

23   in conjunction with such device, but it does not include an

24   automated typewriter or typesetter or portable hand-held

25   calculator or some device like that.

Case 6:12-cv-00057-RDP-RRA   Document 53   Filed 09/27/13   Page 18 of 33

1        Do you understand all that?

2            THE DEFENDANT:  Yes, sir.

3            THE COURT:  The term "knowingly" means that the act

4  was done voluntarily and intentionally and not because of a

5  mistake or accident.

6        Do you understand that?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  The word "willfully" means that the act

9  was committed voluntarily and purposely with the specific

10  intent to do something the law forbids with either bad

11  purpose to disobey or disregard the law.

12        Do you understand that?

13            THE DEFENDANT:  Yes, sir.

14            THE COURT:  All right.  And you've discussed these

15  charges and the allegations the government has made with your

16  lawyer; correct?

17            THE DEFENDANT:  Yes, sir.

18            THE COURT:  All right.  And you walked through each

19  of those with your lawyer?

20            THE DEFENDANT:  Yes, sir.

21            THE COURT:  And you understand the charges made

22  against you based upon the court's explanation of them today

23  and your review of them with your attorney.  Is that fair to

24  say?

25            THE DEFENDANT:  Yes, sir.

1          THE COURT:  All right.  There's no plea agreement in

2    this case, but I want to ask you a few questions about

3    related matters.

4       In this case you've indicated you wish to enter a guilty

5    plea to certain counts.  Other than the government's

6    indication to you and the court that it would dismiss the

7    charges in Counts 31 through 42 at sentencing, has anyone

8    made any promise or assurance to you to cause you to plead

9    guilty in this case?

10          THE DEFENDANT:  No, sir.

11          THE COURT:  All right.

12       Now, the government hasn't made any promise or assurance

13    other than perhaps that.  Is that fair?

14          THE DEFENDANT:  Yes, sir.

15          THE COURT:  No one else has made any promise or

16    assurance to you.  Is that fair?

17          THE DEFENDANT:  Yes, sir.

18          THE COURT:  All right.  Next what I want to do is

19    cover with you the penalties that apply to a conviction under

20    these counts.  Under section 2251(a) -- and each count that

21    you're pleading guilty to or indicated you desire to plead

22    guilty to is under that code section -- each separate offense

23    carries with it a fine of not more than $250,000, custody of

24    not less than 15 nor more than 30 years, a supervised release

25    term of any term of years up to life, and an assessment fee

Case 6:17-cv-09037-RDP-RRA   Document 33   Filed 08/27/18   Page 20 of 33
Case 6:07-cv-00457-RDP-RRA   Document 39   Filed 08/26/08   Page 20 of 33

20

1    of $100 for each count.

2        Do you understand all that?

3            THE DEFENDANT:  Yes, sir.

4            THE COURT:  Is the government seeking any

5    restitution in this case?

6            MS. HODGE:  At this time, Your Honor, we would like

7    to reserve the issue of restitution closer to sentencing so

8    that we can more completely evaluate as far as what sort of

9    costs may have been incurred and what sort of assistance the

10   victims may have already received.

11           THE COURT:  All right.

12           MS. HODGE:  There is no agreement, however, as to --

13           THE COURT:  As to restitution?

14           MS. HODGE:  -- restitution, yes, sir.

15           THE COURT:  The main thing I need to tell you, Mr.

16   Falgout, about that is that's something the court will have

17   to take up at sentencing, if you plead guilty today and I

18   accept that plea, whether some restitution to those damaged

19   by your conduct or hurt by your conduct would be appropriate.

20   And there are certain rules that I have to follow in

21   assessing restitution.

22       Do you understand that?

23           THE DEFENDANT:  Yes, sir.

24           THE COURT:  Have you had any prior convictions of

25   any offenses like this before?

Case 6:12-cv-09037-RDP-JHE Document 63 Filed 08/27/13 Page 21 of 33
Case 6:07-cv-00457-RDP-RRA Document 39 Filed 08/26/08 Page 21 of 33

21

1          THE DEFENDANT:  No, sir.

2          THE COURT:  All right.  Do you realize that if you

3    have and that's discovered at or before the time of

4    sentencing and the government gives notice of that, then

5    there may be an enhancement that would apply to these

6    penalties that we've talked about?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  And I take it that the government knows

9    of nothing to suggest that Mr. Falgout has had any prior

10   convictions along these lines.  Is that fair?

11         MS. HODGE:  Yes, Your Honor.

12         THE COURT:  All right.

13      Here's what I'm going to do with that subject.  And I

14   don't intend to cover it in colloquy today because it looks

15   like it would be unnecessary.  And I take it that if there

16   was a conviction out there, the government would probably

17   know of it at this point.  But if for some reason a

18   conviction is discovered, then what I would ask the

19   government to do, if it intends to rely upon that, is to give

20   appropriate notice to the defendant, and then we would just

21   come back in and see if the plea of guilty still goes

22   forward.

23         MS. HODGE:  Yes, sir.

24         THE COURT:  All right?  That's how we'll handle

25   that.

1          MS. HODGE:  Yes, sir.

2          THE COURT:  All right.  A couple more things I want

3    to ask you about sentencing factors just to make sure you

4    understand this.  Are you aware that the court is bound by

5    mandatory minimum and mandatory maximum statutory terms that

6    we cover?  Do you understand that?

7          THE DEFENDANT:  Yes, sir.

8          THE COURT:  Do you understand on top of that, or

9    within that, the sentencing guidelines will establish a

10   guideline range for the offense conduct?

11         THE DEFENDANT:  Yes, sir.

12         THE COURT:  Have you talked about the guidelines

13   with your lawyer?

14         THE DEFENDANT:  Yes, sir.

15         THE COURT:  Do you understand that the court isn't

16   bound to apply them but must consider them and take them into

17   account on the issue of the appropriate range of sentencing?

18         THE DEFENDANT:  Yes, sir.

19         THE COURT:  Do you understand the process that's

20   involved with that?

21         THE DEFENDANT:  Yes, sir.

22         THE COURT:  A presentence report will be done by the

23   probation office.  You will have an opportunity to object to

24   it if you disagree with it.  I'll resolve any differences the

25   parties have regarding the presentence report and the

1    guideline range at the time of sentencing.  And then

2    ultimately I'll have to determine what a reasonable sentence

3    would be.  It could be a sentence within the guideline range.

4    It could be a sentence below it or above it.

5         Do you understand that?

6              THE DEFENDANT:  Yes, sir.

7              THE COURT:  And do you understand that there's no

8    deal that you have with the government or anyone else,

9    including me, about what the sentence would be in this case?

10             THE DEFENDANT:  Yes, sir.

11             THE COURT:  You are willing to take your chances at

12   sentencing, is that what you are telling me?

13             THE DEFENDANT:  Yes, sir.

14             THE COURT:  All right.

15        Do you understand that while your lawyer can certainly

16   give you good advice, he's an excellent attorney, about the

17   appropriate range of sentence, he can't employ a crystal ball

18   to determine exactly what the sentence range would be or

19   exactly what the sentence would be in this case?

20             THE DEFENDANT:  Yes, sir.

21             THE COURT:  And if the actual sentence is different

22   from any estimate that you and he have considered or that

23   someone else has suggested to you or that you have come up

24   with on your own, that would not be the basis for setting

25   aside the guilty plea you are in the process of entering.

1      Do you understand that?

2              THE DEFENDANT:  Yes, sir.

3              THE COURT:  Has anyone threatened or coerced you in

4      any way to cause you to plead guilty today?

5              THE DEFENDANT:  No, sir.

6              THE COURT:  Are you pleading guilty because you are

7      in fact guilty of the counts that still remain with respect

8      to your plea?

9              THE DEFENDANT:  Yes, sir.

10             THE COURT:  All right.

11     Let me ask Mr. Reid and Ms. Hodge, are each of you

12     satisfied that the defendant fully understands the charges

13     against him and the consequences of entering the plea of

14     guilty?

15             MS. HODGE:  The government is satisfied.

16             MR. REID:  I'm satisfied, Your Honor.

17             THE COURT:  All right.

18     Mr. Reid, are you satisfied that he's knowingly and

19     voluntarily entering a guilty plea?

20             MR. REID:  I am, Your Honor.

21             THE COURT:  Ms. Hodge, do you know of anything that

22     suggests that's not the case?

23             MS. HODGE:  No, sir, I don't.

24             THE COURT:  All right.

25     Mr. Falgout, what I want you to do next is listen

1      carefully to Ms. Hodge as she is going to outline both for

2      you and for me some of the evidence she would offer to a jury

3      if this case were to go to trial.

4          Ms. Hodge, what would the government expect to prove

5      beyond a reasonable doubt if this case were to proceed to

6      trial?

7              MS. HODGE:   The government would expect to prove

8      that on December 7, 2006, Lamar County Sheriff's Department

9      executed a search warrant at the defendant's residence

10     located at 1011 Austin Road, Vernon, Alabama.  Among items

11     found in the search were two Sony memory sticks and an

12     8-millimeter Panasonic videotape.

13         The contents of the memory sticks were reviewed and

14     proved to be images of child pornography.  The images on the

15     memory sticks charged in Counts 1 through 30 and Count 43

16     depict four minor boys engaged in sexually explicit conduct.

17     These pictures were taken from approximately December 31 of

18     2004 through January 30 of 2006.  The more specific dates for

19     each count are more fully set out in the indictment.

20         The children pictured in these images will be referred to

21     by initials.  The first is T.A.  His date of birth is

22     December 22, 2003.  The second is B.G., date of birth

23     March 8, 2001.  The third is G.H., date of birth October 9,

24     2002.  And the fourth is M.H., date of birth August 27, 2004.

25         The contents of the video, which is Count 24 of the

1    indictment, were reviewed and showed a minor child, T.A.,

2    engaged in sexually explicit conduct.  This video was made

3    sometime between August of 2005 and November 30 of 2006, a

4    more specific date being unknown to the grand jury.

5        Also recovered during the search warrant in the

6    defendant's truck was a digital camera that produced some of

7    the images on the memory sticks.  This was established by the

8    metadata contained on the camera and left in the images

9    produced by that camera.

10       Additionally, a video camera capable of producing the

11   8-millimeter videotape was recovered.  It was found in the

12   same camera bag as the memory sticks.

13       The photographs charged in Counts 1 through 30 and Count

14   43 were made at the defendant's residence as well as inside

15   the defendant's truck.  In one of the photographs the

16   defendant's legs and some boxer shorts can be seen.  The same

17   boxer shorts were recovered during another search warrant,

18   which was executed on December 15, 2006.

19       The video charged in Count 44 was made at the defendant's

20   parent's residence in Vernon, Alabama.  The defendant can be

21   heard yelling at T.A. throughout the video.  At one point in

22   the video the camera shows the defendant's boots, which had a

23   distinct yellow instep.  These boots were recovered during

24   the December 15th search warrant at the defendant's

25   residence.

1    One of the Sony memory sticks was made in Japan and

2    traveled in interstate and foreign commerce.  The other

3    memory stick was made in Korea and traveled in interstate and

4    foreign commerce.  The 8-millimeter Panasonic videotape was

5    not manufactured in the state of Alabama and therefore

6    traveled in interstate commerce to get to the state of

7    Alabama.

8         All of the above-described conduct occurred in the

9    Northern District of Alabama.

10         THE COURT:  All right.  Thank you, Ms. Hodge.

11    Mr. Falgout, you heard Ms. Hodge briefly outline the

12    facts the government expects to prove at trial.  Are those

13    facts substantially correct?

14         THE DEFENDANT:  Yes, sir, they are.

15         THE COURT:  Did you hear her say anything that was

16    incorrect?

17         THE DEFENDANT:  No, sir.

18         THE COURT:  Did you do the things she said you did?

19         THE DEFENDANT:  Yes, sir.

20         THE COURT:  And did you know you were violating the

21    law when you did those things?

22         THE DEFENDANT:  Yes, sir.

23         THE COURT:  All right.  We're near the end of the

24    hearing today.  What I want to make sure you understand is

25    that you are not required to plead guilty.  You've indicated

Case 6:12-cv-08037-RDP-JHE Document 53 Filed 08/27/18 Page 28 of 33
Case 6:07-cv-00157-RDP-RRA Document 39 Filed 08/26/08 Page 28 of 33

28

1    through your lawyer a desire to plead guilty.  And we've held

2    the hearing for that purpose so I can evaluate whether it

3    would be appropriate to accept a guilty plea from you with

4    respect to Counts 1 through 30 and 43 and 44.  I am inclined

5    at this point to accept the guilty plea if you desire to

6    offer one.

7        Again, you are not required to plead guilty even at this

8    point.  If you decide that you desire to plead not guilty, I

9    would allow you to reinstate your plea of not guilty.  We

10   would keep the case set for trial, as it is set on the 29th

11   of this month.  We'd have a jury panel come in, strike a

12   jury, and put the government to the test of seeing if they

13   could prove these allegations beyond a reasonable doubt.

14       Do you understand that you still have those rights?

15            THE DEFENDANT:  Yes, sir.

16            THE COURT:  Do you understand that all the rights I

17   just went over with you at the beginning of the hearing would

18   be restored to you and you'd still have those rights?

19            THE DEFENDANT:  Yes, sir.

20            THE COURT:  Have you heard anything here today that

21   causes you to want to reconsider your decision to plead

22   guilty in this case?

23            THE DEFENDANT:  No, sir.

24            THE COURT:  Do you understand this is your last

25   chance, so to speak?  In other words, while I'd allow you to

Case 6:17-cv-00037-RDP-JHE Document 63 Filed 08/27/18 Page 29 of 33
Case 6:17-cv-00037-RDP-RRA Document 59 Filed 08/26/18 Page 29 of 33

29

1    reinstate a plea of not guilty today, after I accept a plea

2    of guilty from you, you would not be free to go back and

3    change that plea.  Do you understand that?

4            THE DEFENDANT:  Yes, sir.

5            THE COURT:  Have you heard everything we've gone

6    over with you today?

7            THE DEFENDANT:  Yes, sir.

8            THE COURT:  Have you understood everything we've

9    gone over with you today?

10           THE DEFENDANT:  Yes, sir.

11           THE COURT:  Does the United States attorney's office

12   know of any reason I should not permit the defendant to plead

13   guilty?

14           MS. HODGE:  No, Your Honor.

15           THE COURT:  Do you think there's anything else we

16   need to cover before I accept the defendant's plea?

17           MS. HODGE:  No, sir.

18           THE COURT:  Mr. Reid, do you know of any reason why

19   I should not permit your client to plead guilty?

20           MR. REID:  I know of none, Your Honor.

21           THE COURT:  Do you know of anything else that we

22   need to cover before I ask him what his plea is?

23           MR. REID:  No, Your Honor.

24           THE COURT:  All right.

25       Mr. Falgout, are you ready to go forward with your plea?

```
 1                    THE DEFENDANT:  Yes, sir.

 2                    THE COURT:  All right.  You are charged, as I said,

 3      in separate counts, Counts 1 through 30 and 43 and 44 with a

 4      violation of 18 United States Code Section 2251(a), sexual

 5      exploitation of minors.  How do you plead to each of those

 6      counts?

 7                    THE DEFENDANT:  Guilty, Your Honor.

 8                    THE COURT:  Do you plead guilty to each of those

 9      counts separately and individually?

10                    THE DEFENDANT:  Each and every one.

11                    THE COURT:  All right.  And do you understand that

12      you are not pleading guilty to Counts 31 through 42?

13                    THE DEFENDANT:  Yes, sir.

14                    THE COURT:  All right.  And I've not changed your

15      plea on those.  We'll leave those again to decide until the

16      sentencing hearing when the government indicates that it

17      desires to move to dismiss those.

18                    THE DEFENDANT:  Yes, sir.

19                    THE COURT:  Do you understand that?

20                    THE DEFENDANT:  Yes, sir.

21                    THE COURT:  All right.  Very well.

22          The court makes the following findings with respect to

23      the defendant's pleas.  With respect to Counts 1 through 30

24      and 43 and 44, the court finds the defendant is fully

25      competent and capable of entering an informed plea.  In doing
```

1    that, the court has reviewed Dr. Ackerson's report and Judge

2    Armstrong's order and finds that Judge Armstrong was correct

3    in finding the defendant competent and capable of going to

4    trial and/or entering an informed plea.

5        Second, the court finds the defendant is aware of the

6    nature of the charges and the consequences of his plea.

7        And, third, the plea of guilty is a knowing and voluntary

8    plea supported by an independent basis in fact containing

9    each of the essential elements of the offense.  The plea is

10   therefore accepted and the defendant is now adjudged guilty

11   of the offenses charged in Counts 1 through 30 and 43 and 44

12   in the superseding indictment.

13       Now, the probation office will need a period of time to

14   complete the presentence investigation report.  Once that

15   report is disclosed to the defendant and his attorney,

16   they'll be allowed 35 days to review the report.  I'll enter

17   an order setting a sentencing hearing about three and a half

18   to four months from now.

19       And I can understand, counsel for the government, we'll

20   just kind of see where you are in terms of your health issues

21   and child-bearing and child-caring, and I'll be flexible with

22   both sides in setting the sentencing hearing.  We'll get a

23   date out, and we'll just see where we are when we get close

24   to that date.

25              MS. HODGE:  Yes, sir.

1            THE COURT:  All right.  Any objections to the

2    presentence report must be filed in writing with the clerk of

3    court within 14 calendar days from the receipt of the report

4    with a copy of the objections served on the probation office,

5    and I'll reserve the right not to consider any objections

6    that are not timely made unless someone can give a good

7    reason for not complying with my instructions.

8      Does everyone understand that?

9           MS. HODGE:  Yes, sir.

10          MR. REID:  Yes, sir.

11         THE COURT:  All right.  Bond is not an issue.  The

12    defendant remains in custody.

13      Is there anything further from the government at this

14    time?

15          MS. HODGE:  No, Your Honor, there's not.

16         THE COURT:  Anything further from the defendant?

17         MR. REID:  No, Your Honor.

18         THE COURT:  All right.  Mr. Falgout, I'll see you

19    back at sentencing, sir.

20         THE DEFENDANT:  Thank you, Your Honor.

21           (Concluded at 10:26 a.m.)

22              *     *     *

23

24

25

1

2

3

4

5

6        I certify that the foregoing is a correct transcript from

7    the record of proceedings in the above-entitled matter.

8

9

10

11

12   _Virginia W. Flowers_____6-26-08_____

13   Virginia W. Flowers, RPR                Date

14

15

16

17

18

19

20

21

22

23

24

25